SAYRES et al. v. MOSS.    (No. 9185.)

(Court of Civil Appeals of Texas.    Dallas.
Nov. 29, 1924.)

1. Appeal and error ☞907(3)—In absence of statement of facts, jury's findings assumed sustained by sufficient evidence.

In absence of statement of facts, appellate court must assume jury's findings are sustained by sufficient evidence.

2. Executors and administrators ☞451(4)—Findings in action for compensation for services rendered deceased held not conflicting.

In suit for compensation for services rendered deceased, where defendant executor alleged that free rental received by plaintiff was sole compensation contemplated, finding that certain payment during decedent's life had not been in full of all claims due plaintiff to date thereof held not inconsistent with finding that agreed compensation was as contended by defendant.

Error from District Court, Dallas County; J. E. Gilbert, Judge.

Action by Mrs. Ora Sayres and another against S. E. Moss, independent executor of the estate of Sallie A. McFall, deceased. Judgment for defendant, and plaintiffs bring error. Affirmed.

Taylor & Irwin and Brown & Renfro, both of Dallas, for plaintiffs in error.

M. L. Robertson and Crane & Crane, all of Dallas, for defendant in error.

JONES, C. J. This suit was instituted on November 17, 1921, by Mrs. Ora Sayres and her husband, plaintiffs in error, to recover of S. E. Moss, as independent executor of the estate of Sallie A. McFall, defendant in error,

the sum of $8,677.10 alleged to be due Mrs. Sayres for services rendered Mrs. McFall. From an adverse judgment plaintiffs in error have duly perfected their writ of error to this court.

The facts alleged by plaintiffs in error as a basis of this suit are as follows:

Mrs. Ora Sayres, who will be called plaintiff in error, was a trained nurse, and had been for many years. Mrs. McFall, in the year 1915, was 85 years of age, quite feeble in health, and unable to take care of herself. Defendant in error was a cousin of Mrs. McFall and acted as her agent and personal representative in all things pertaining to her physical welfare and her property. In February, 1915, Moss, with full power to act in the premises, employed plaintiff in error to take charge of Mrs. McFall, care for her, board her, and nurse her, and to look after her personal comfort during the remainder of her life, with the agreement and understanding that upon her death plaintiff in error would be amply and duly compensated for all her services and expenses from Mrs. McFall's estate. In pursuance of this agreement plaintiff in error took personal charge of Mrs. McFall and performed on her part said contract until August 16, 1920, when Mrs. McFall died. The term of the services of plaintiff in error extended from February, 1915, to the time of Mrs. McFall's death; that by reason of said contract and its performance on her part the estate of Mrs. McFall became indebted to her in the sum of $8,677.10, which was shown by an itemized statement filed as an exhibit to the petition.

It was further alleged by plaintiff in error that defendant in error was named as independent executor of the will of Mrs. McFall, and that after her death said will was duly probated, and defendant in error duly appointed as independent executor of same, and legally qualified as such; that plaintiff in error duly presented to defendant in error, as such independent executor, her claim for approval in the amount above named; that this claim was in all things rejected; and that this suit was brought to establish said claim against Mrs. McFall's estate.

In addition to her count in her petition on the express contract alleged plaintiff in error also alleged, as an alternative plea, that, if mistaken in her allegations as to an express agreement, there was an implied agreement, in that Mrs. McFall had accepted her services and received the benefits therefrom, had acquiesced therein, and that the estate of Mrs. McFall had thereby become indebted to her on such implied agreement in the same sum.

The defendant in error denied the execution of the contract as alleged by plaintiff in error, and alleged that the contract entered into was that the services were to be performed on the part of Mrs. Sayres in con-

sideration of her and her said husband using and occupying the residence of Mrs. McFall, free from any rent, reserving for Mrs. McFall only one room, and that in pursuance of this agreement plaintiff in error and her husband moved into said house and did use and occupy all of same, except the room occupied by Mrs. McFall, and whatever services were performed by her in the matter of board, nursing, and personal attention, were fully paid by the said use and occupancy of the house and premises.

Defendant in error also alleged that, if Mrs. McFall ever owed plaintiffs in error anything, same had long since been paid, in that, in January, 1919, plaintiff in error presented to defendant in error a bill for $288, claimed as compensation for laundering or washing for Mrs. McFall, and that after much discussion with plaintiff in error the said bill was paid by check, on which was indorsed the statement that it was in payment for washing and services for four years prior to its date, and that plaintiff in error accepted said check as such payment. This latter allegation was denied in supplemental petition by plaintiff in error.

The case was tried before a jury and submitted on special issues. In answer to these special issues the jury found. (1) That there was no contract made by and between plaintiff in error and defendant in error as agent of Mrs. McFall that plaintiff in error should board, care for, and nurse Mrs. McFall during her natural life and be paid the value thereof after her death out of her estate, in addition to the use and occupancy of the premises on Dickason avenue; (2) the payment of the $288 by check of defendant in error to plaintiff in error in January, 1919, was not in full of all demands due plaintiff to date of said check; (3) there was no rent per month on the house on Dickason avenue during the 2 years next preceding the death of Mrs. McFall on August 20, 1920; (4) the contract under which plaintiff in error took care of Mrs. McFall was that the plaintiff in error would take care of Mrs. McFall for the right to occupy the house in which the said Mrs. McFall died rent free, and the premises connected therewith, and that Mrs. McFall should have the right to occupy only one room. There are some other findings of the jury, but same are not important to a consideration of the questions involved in this case.

[1] There is no statement of facts filed in the case, and the court must assume that each of the above findings are sustained by sufficient evidence. It will be noted that the pleadings made a direct issue as to the terms of the contract under which plaintiff in error performed the services for the value of which she sought recovery in this suit. Plaintiff in error's theory was that she was to be furnished the house on Dickason avenue, and then, at the death of Mrs. McFall, to be paid for her board as well, as the reasonable value of her services as a trained nurse, and for the performance of any other necessary services to the said Mrs. McFall. Defendant in error's theory was that the services shown to have been performed by plaintiff in error were to have been performed under an agreement that the sole compensation was to be the use and occupancy of the residence and premises on Dickason avenue, except one room reserved to Mrs. McFall. The pleadings of the parties each contain other allegations; the plaintiff in error, allegations that warranted a recovery on an implied contract; the defendant in error, allegations to the effect that if there was some character of agreement looking to other compensation than the use of the said premises, this had been fully paid by a check in the sum of $288. The alternative plea of an implied contract in favor of plaintiff in error becomes immaterial because of the finding of the jury that there was an express contract entered into between the parties. Likewise the plea of payment by said check on the part of defendant in error becomes immaterial, and the finding of the jury on the issue raised by this plea cannot be looked to in determining· the judgment that should be entered on the special findings.

[2] Plaintiff in error contends that the finding of the jury that the payment of the sum of $288 was not in full payment of plaintiff in error's claim contradicts the finding of the jury on the contract pleaded by defendant in error and found by the jury as having been made. We cannot agree to this contention. The same contention could be made if the jury had answered said question in the affirmative. The jury's view was that a contract had been entered into between the parties by which services were to be performed by plaintiff in error, and for which compensation was to be made by plaintiff in error being permitted to occupy the house on Dickason avenue free from rent. At the time this check was paid Mrs. McFall was living, and plaintiff in error was entitled to occupy the house under the contract until Mrs. McFall died. Doubtless with this compensation in rent that had been received and would be received in mind the jury made this finding. Unable to see the contradiction in ·the findings contended for by plaintiff in error, the assignments of error raising such contention are overruled.

The assignment of error in reference to the court's ruling that limitation had run against plaintiff in error's right to recover on an implied contract except as to such claim incurred within the 2 years preceding the filing of the suit is not considered. The finding of the jury that there was an express contract renders it unnecessary to pass upon this assignment.

There appearing no reversible error in the record, this cause is affirmed.